UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4123

SEYED AHMAD SHAFFAAT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-94-438)

Submitted: March 11, 1997

Decided: April 22, 1997

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William H. Murphy, Jr., Baltimore, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, W. Warren Hamel, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Seyed Ahmad Shaffaat was convicted by a jury of two counts of possessing unregistered firearms and one count of dealing in firearms without a license.* On appeal, Shaffaat argues that the district court erred by denying his motion for judgment of acquittal, improperly instructing the jury on the burden of proof, and admitting certificates of negative BATF records searches. Finding no reversible error, we affirm.

Shaffaat owned an auto repair facility in Annapolis, Maryland. In 1993, a senior naval officer brought his car to Shaffaat's shop for repair. At some point, Shaffaat offered to sell the officer firearms, and the officer reported the incident to BATF Special Agent Love. In an unrelated set of events, Shaffaat also offered to sell firearms to a government informant ("Althof"). As a result of these events, Love began an undercover investigation of Shaffaat.

During the course of the investigation, Shaffaat sold several firearms to two undercover BATF agents and to Althof, including several silencers without serial numbers. Evidence was presented at trial which showed that Shaffaat also sold firearms at gun shows and to several other individuals. Shaffaat's theory at trial was that he was simply selling firearms from his personal collection in order to pay some debts.

A motion for judgment of acquittal should only be granted if the evidence is insufficient to support a conviction. Fed. R. Crim. P. 29(a). To support a conviction, there must be "substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). When there is evidence which supports both parties' theories of the case, the case is properly one for the jury.

_____

*The jury also convicted Shaffaat of one count of transferring a firearm to an out-of-state resident, but this count was dismissed at sentencing.

2

We find that the district court applied the proper test for sufficiency of the evidence and that the evidence presented was such that it could support a finding of guilt. Accordingly, the district court did not err in denying Shaffaat's motion for judgment of acquittal.

Shaffaat also argues that the district court should have instructed the jury that the Government's proof must exclude every reasonable hypothesis other than guilt. We disagree. The instruction Shaffaat asks for has been rejected by both the Supreme Court and this court. See Holland v. United States, 348 U.S. 121, 139-40 (1954) (when jury is properly instructed on standards for reasonable doubt, additional instruction on circumstantial evidence is confusing and incorrect); United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992) ("It is well settled that as long as a proper reasonable doubt instruction is given, a jury need not be instructed that circumstantial evidence must be so strong as to exclude every reasonable hypothesis other than guilt.").

Finally, Shaffaat argues that the admission of certificates showing a negative records search violated the hearsay rules and his rights under the Confrontation Clause. We do not address this issue because we find that even if the certificates were inadmissible, any error was harmless. We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3